COURT OF APPEALS
DECISION
DATED AND FILED

July 9, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP838**

STATE OF WISCONSIN

Cir. Ct. No. 2024CV2845

IN COURT OF APPEALS
DISTRICT IV

---

CLAUDIO DE SIMONE,

   PLAINTIFF-APPELLANT,

 V.

MENDES SA,

   DEFENDANT-RESPONDENT.

---

APPEAL from an order of the circuit court for Dane County: STEPHEN E. EHLKE, Judge. *Affirmed*.

Before Kloppenburg, Nashold, and Taylor, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1   PER CURIAM. Claudio De Simone appeals an order dismissing his complaint against Mendes SA for lack of personal jurisdiction. The issue on

appeal is whether De Simone made a prima facie showing that Mendes is subject to personal jurisdiction in Wisconsin based on Mendes's alleged interference with De Simone's contract with Danisco USA Inc. (Danisco USA) that has operations in Madison. We conclude that De Simone did not make that showing because his pleadings and submissions to the circuit court do not establish an act or omission within Wisconsin by Mendes under WIS. STAT. § 801.05(3) (2023-24).[1] We also conclude that the circuit court reasonably denied De Simone's request for jurisdictional discovery. We affirm.

## BACKGROUND

¶2 The following material facts are undisputed and derived from the findings of fact issued by the circuit court and the parties' pleadings and submissions concerning Mendes's motion to dismiss.

¶3 De Simone is an Italian citizen domiciled in Switzerland. Mendes is a Swiss company located in Lugano, Switzerland.

¶4 De Simone developed a probiotic formulation to address gastrointestinal illness ("the formulation"). In 2008, he entered into an agreement with Danisco USA (the Danisco agreement). The Danisco agreement identifies Danisco USA as having a place of business in Madison, Wisconsin. De Simone identifies International Flavors & Fragrances Inc. (IFF) as Danisco USA's parent company.

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

¶5      Under the Danisco agreement, Danisco USA was permitted to blend, ship, or sell the formulation to entities designated by De Simone on Schedule A to the Danisco agreement.  Mendes was at one point an approved buyer of the formulation listed on Schedule A.

¶6      For context, we note that in 2018, De Simone entered into a licensing agreement with Mendes directly.  But by 2023, the relationship began to deteriorate, and De Simone alleged that Mendes owed him unpaid royalties that Mendes eventually paid in 2024.  Nevertheless, ligation in a Swiss court commenced between the parties in 2024 and resulted in an order determining that the licensing agreement remained in effect and that De Simone must abide by its terms, and that De Simone was prohibited from contacting IFF and any of its subsidiaries that in any way interfered with Mendes's orders of the formulation.

¶7      Meanwhile, De Simone alleges that in late 2023, he removed Mendes from the list of approved buyers in Schedule A of the Danisco agreement and that Mendes's principal, Salvatore Orlando, subsequently contacted Danisco USA directly and pressured it to continue selling the formulation to Mendes.  Specifically, the complaint refers to "Danisco USA" as "Danisco," and states that "Orlando began contacting Danisco directly to pressure the company to continue selling the De Simone Formulation to Mendes.  In particular, Mr. Orlando sent an email to Danisco" concerning the matter.  The complaint does not allege that these contacts occurred in Wisconsin or between individuals who were then in Wisconsin.

¶8      De Simone sued Mendes in Dane County, seeking declaratory and injunctive relief based on De Simone's asserted rights under the Danisco agreement, and asserting tortious interference of contract.  Mendes moved to

dismiss the complaint for lack of personal jurisdiction. Mendes argued that it has no Wisconsin presence and that its relevant ordering and invoicing relationship was with Danisco Italy, not Danisco USA.

¶9 De Simone opposed the motion. He submitted a declaration averring that: Danisco USA's production facilities are in Madison; Danisco Italy is merely an administrative intermediary; and Orlando knew Danisco USA controlled the production and supply of the formulation. De Simone also averred that Orlando contacted two employees of IFF by electronic mail, and that De Simone understood those employees to be conduits to Danisco USA decisionmakers. In the alternative to denying Mendes's motion, De Simone requested jurisdictional discovery regarding Mendes's contacts with Danisco USA and the relationship among Danisco USA, Danisco Italy, and related IFF entities.

¶10 The circuit court granted Mendes's motion to dismiss for lack of personal jurisdiction. The court concluded that De Simone did not allege general jurisdiction over Mendes pursuant to WIS. STAT. § 801.05(1) and had not demonstrated personal jurisdiction over Mendes pursuant to § 801.05(3). *See* § 801.05(3) (Personal jurisdiction over a defendant may be conferred "[i]n any action claiming injury to person or property within or without this state arising out of an action of omission within this state by the defendant."). Specifically, the court determined that De Simone had not produced any evidence of an act or omission committed by Mendes within the State of Wisconsin. The court also denied De Simone's request for jurisdictional discovery. De Simone appeals.

STANDARD OF REVIEW

¶11 Whether a Wisconsin court has personal jurisdiction over a nonresident defendant is a question of law that we review independently. ***Kopke***

4

*v. A. Hartrodt S.R.L.*, 2001 WI 99, ¶10, 245 Wis. 2d 396, 629 N.W.2d 662. The plaintiff has the burden of establishing personal jurisdiction. *Id.* That burden is minimal, and factual doubts are resolved in the plaintiff's favor. *Rasmussen v. General Motors Corp.*, 2011 WI 52, ¶17, 335 Wis. 2d 1, 803 N.W.2d 623.

¶12 Wisconsin courts apply a two-step analysis to determine personal jurisdiction. We first determine whether the defendant is subject to jurisdiction under Wisconsin's long-arm statute, WIS. STAT. § 801.05. *See Kopke*, 245 Wis. 2d 396, ¶8. If the statute is satisfied, we then determine whether exercising jurisdiction comports with due process. *Id.*

DISCUSSION

¶13 Here, as stated, De Simone relies on WIS. STAT. § 801.05(3), the local-act-or-omission provision of Wisconsin's long-arm statute, to allege that the Wisconsin courts have personal jurisdiction in this action over Mendes. As noted, that provision confers jurisdiction "[i]n any action claiming injury to person or property within or without this state arising out of an act or omission within this state by the defendant." § 801.05(3). Thus, the statutory question is whether De Simone's claims arise from an act or omission within Wisconsin by Mendes.

¶14 Neither De Simone's pleadings or submissions in the circuit court (collectively, the materials) responding to Mendes's motion to dismiss identify a communication by Mendes to a Wisconsin recipient or allege that Mendes was in Wisconsin when communicating about these matters. Rather, these materials allege that Mendes contacted Danisco USA and pressured it to continue selling the formulation. The complaint specifically references an email Orlando sent to Danisco USA. But these allegations do not allege that Orlando was in Wisconsin when these communications were made, or identify the location of the recipient of

these contacts, the date of any Wisconsin-directed communication, or the substance of a communication sent to Wisconsin.

¶15    De Simone also alleges that Danisco USA's production facilities are in Madison, that Danisco Italy acted only as an intermediary, and that Mendes knew Danisco USA controlled production and supply.  Accepting the truth of these allegations at this stage, as we must, we conclude that they do not satisfy WIS. STAT. § 801.05(3).  Knowledge that a foreign commercial relationship may affect a Wisconsin facility is not the same as committing an act or omission within Wisconsin.  The statutory focus is on Mendes's conduct, not on Danisco USA's role in the supply chain.

¶16    Nor does De Simone's allegation—that Orlando contacted IFF employees whom De Simone understood to be conduits to Danisco USA decisionmakers—establish a Wisconsin act by Mendes.  That allegation does not identify those employees as Wisconsin recipients or state that the communication was sent into Wisconsin.

¶17    The distinction matters under WIS. STAT. § 801.05(3).  Wisconsin's long-arm statute is construed liberally, but the court may not ignore the statutory requirement that the defendant's act or omission occur within Wisconsin.  *See Lincoln v. Seawright*, 104 Wis. 2d 4, 13, 310 N.W. 2d 596 (1981).  De Simone's materials show a connection between this dispute and Wisconsin because Danisco USA has Madison operations.  However, they do not show that Mendes committed an "act or omission" in Wisconsin sufficient to confer personal jurisdiction pursuant to § 801.05(3), which is what the statute requires.  *Id.* at 13-14.

¶18    De Simone relies on cases holding that communications into Wisconsin may support jurisdiction.  We agree with that general proposition, but

those cases do not control. In *Stein v. Illinois State Assistance Commission*, 194 Wis. 2d 775, 785-86, 535 N.W.2d 101 (Ct. App. 1995), this court determined that the defendant's and its agents' acts of sending collection letters to the plaintiff at Wisconsin addresses satisfied the "act or omission" in Wisconsin requirement in WIS. STAT. § 801.05(3). In *Felland v. Clifton*, 682 F.3d 665, 678-79 (7th Cir. 2012), the defendant's act of sending communications to Wisconsin residents that made alleged misrepresentations which provided the basis for the plaintiffs' claims against the defendant satisfied the requirement under § 801.05(3) of committing acts within Wisconsin. Here, by contrast, the materials do not identify any communication by Mendes to a Wisconsin recipient, and De Simone has not alleged to have received any communications from Mendes in Wisconsin.

¶19     In sum, De Simone has not made a prima facie showing that Mendes is subject to jurisdiction under WIS. STAT. § 801.05(3). Because De Simone has not made the requisite statutory showing, we need not address whether subjecting Mendes to personal jurisdiction would violate due process. *See Kopke*, 245 Wis. 2d 396, ¶8.

¶20     De Simone next argues that the circuit court should have allowed jurisdictional discovery. We review a circuit court's decision to deny discovery for an erroneous exercise of discretion. *First Interstate Bank of Wisconsin-Southeast v. Heritage Bank & Tr.*, 166 Wis. 2d 948, 952, 480 N.W.2d 555 (Ct. App. 1992). A circuit court properly exercises its discretion when it examines the relevant facts, applies the correct legal standard, and reaches a conclusion that a reasonable judge could reach. *Loy v. Bunderson*, 107 Wis. 2d 400, 414-15, 320 N.W.2d 175 (1982). We affirm a discretionary decision if the record shows a reasonable basis for the court's ruling. *Id.*

¶21 The circuit court reasonably exercised its discretion in denying jurisdictional discovery. De Simone sought discovery regarding Mendes's contacts with Danisco USA and the relationship among Danisco USA, Danisco Italy, and related IFF entities. The circuit court determined that such discovery would not alter the jurisdictional analysis.

¶22 The requested discovery was aimed primarily at showing that Danisco USA, rather than Danisco Italy, controlled production and supply, and that Mendes knew this. These points do not establish personal jurisdiction for the reasons already explained. As the circuit court aptly reasoned, "[t]he fact that Mendes may know that products are being produced in Dane County is irrelevant to the personal jurisdiction question[] because knowledge of an effect in Dane County is distinct from conducting activities in Dane County." Even if discovery confirmed that Danisco Italy acted only as an intermediary and that Danisco USA controlled the product's manufacture or shipment from Madison, those facts would not show that Mendes committed an act or omission within Wisconsin.

¶23 Nor did the possibility of additional communications require discovery. The circuit court reasoned that even if discovery revealed limited communications between Orlando and the Dane County subsidiary, that would not be sufficient to establish personal jurisdiction. That was a reasonable conclusion because De Simone's request did not identify a basis to believe that discovery would uncover communications materially different from the contacts already alleged—contacts tied to Danisco USA's role in production and supply, rather than to conduct by Mendes occurring in Wisconsin.

¶24 De Simone cites *Bielefeldt v. St. Louis Fire Door Co.*, 90 Wis. 2d 245, 279 N.W.2d 464 (1979), but that case does not require a different result.

8

*Bielefeldt* recognizes that jurisdictional discovery may be appropriate when material facts bearing on personal jurisdiction remain undeveloped. *Id.* at 252-55. Here, the circuit court reasonably concluded that the facts De Simone sought to develop would not be material to the dispositive statutory inquiry under WIS. STAT. § 801.05(3).

¶25     For these reasons, De Simone has not made a sufficient showing that Mendes committed an act or omission within Wisconsin under WIS. STAT. § 801.05(3).   The materials he submitted show that Danisco USA's Madison operations were involved in the supply chain, but they do not show that Mendes acted in Wisconsin.   The circuit court also reasonably denied jurisdictional discovery because the proposed discovery would not alter the statutory analysis.

*By the Court.—*Order affirmed.

This opinion will not be published.   *See* WIS. STAT. RULE 809.23(1)(b)5.